## JOHN DABBS v. STATE.

No. A-7318.  Opinion Filed Jan. 31, 1931.
(295 Pac. 622.)

E. E. Ammons, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, hereinafter called defendant, was convicted in the county court of McIntosh county on a charge of having the possession of mash fit for distillation and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

The record discloses that at the time charged two officers went to the place of defendant and made a search. One of the officers testified:

"* * * Q. Tell the jury what was found, Mr. Waddle, on that occasion. A. Well, we found four barrels

of whisky beer down west from John's house; I judge between a quarter and half a mile; I don't know the exact distance from John's place—his house. * * *

"Q. Do you know, Mr. Waddle, just what land this beer was on in regard to who was in control of that land; whether John Dabbs was, where the beer was found? A. No, I don't know whether it was on the farm he lived on or not. There was a wire fence on the back of the field, and we crawled through this wire fence in the edge of the woods on a branch but I don't know whether it belonged to the farm he lived on or not. * * *

"A. Possibly 100 yards from where we crawled through the wire fence, the best of my recollection. * * *

"Q. There are people who live nearer to the beer than he does, don't they? A. I couldn't say whether they did or didn't. I don't know whether there was any other house nearer to it or not. I couldn't say. * * *"

The witness Kirkpatrick testified substantially to the same effect. These were the only two witnesses used by the state. Defendant denied his guilt. The evidence being entirely circumstantial, it is insufficient to sustain the judgment. It raises a very strong suspicion of defendant's guilt, but falls short of excluding any other reasonable hypothesis.

The case is reversed.